

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2012 SEP 27 AM 10 37

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOES 1-62,<br><br>        Defendants. | Civil Action No. 3: 12-cv-03900:AET -LHG<br><br><br>MAGISTRATE JUDGE LOIS H. GOODMAN |

## JOHN DOE NO. 25'S MOTION
## TO QUASH SUBPOENA AND TO SEVER CLAIMS

John Doe No. 25 moves to quash the subpoena issued to Cablevision/OptimumOnline to obtain Doe No. 25's identity, and to sever John Doe No. 25 from this action.

## I. INTRODUCTION

I, John Doe No. 25 (alleged as 69.126.241.11) (hereinafter, "John Doe No. 25" or "Defendant"), am representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys. I also understand that anonymous representation is not favored in this Court, but I must remain anonymous to protect my reputation and identity. In addition, a copy of this motion will be provided to the Court, my internet Service Provider, and the Plaintiffs' counsel.

## II. ARGUMENT

**A. Naming an Internet Service Subscribers As a Defendant and Subpoenaing Their Identity Without Any Factual Basis Is An Abuse of Process**

Mass litigation brought by pornographers is designed to intimidate innocent subscribers and force them to settle – regardless of liability – simply to avoid a public accusation that they illegally downloaded. The Plaintiffs and their attorneys are knowingly attempting to eventually force settlement from all named Defendants without any discovery or assessment of the merits, even though the Plaintiffs and counsel know that there is a chance that the Defendants did not violate Plaintiff's copyright. This

intentional scheme to intimidate innocent subscribers into settling groundless claims is an abuse of process. See, e.g., *Ladd v. Polidoro*, 424 Mass. 196, 675 N.E.2d 382 (1997). The Plaintiff's goal is not to identify the illegal downloaders. Rather, its goal is to scare Defendants into paying hush money and preventing disclosure of their identities. This purpose – to use the John Doe Complaint and expedited discovery to achieve a collateral, extortionate result, rather than the legitimate goal of learning the true identity of the downloaders – is "unreasonable and oppressive," a pre-1991 standard now incorporated into the current requirement that a subpoena must be quashed if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv):

**B. In matters of fairness and public policy, Plaintiff did not provide enough particularity and specificity in the original order to justify an Internet Service Subscribers personal information.**

I hereby declare that that there is not enough provided to the court to justify Malibu Media, LLC's motion. I also declare that:

   1) Concerning this matter, I DO NOT give my consent to anyone, including Cablevision or Optimum Online, to distribute any information to the plaintiff, Malibu Media, LLC.

   2) I DO NOT permit my true name, address, phone number, email address, or Media Access Control (MAC) address, or any other personal information to be sent to the plaintiff, Malibu Media, LLC.

   3) The address I have previously lived where the alleged connection took place was an apartment/condo building, in which many neighbors/people live in a close proximity to each other.

   4) During a time I lived there, I had a WiFi wireless router connected to my modem. This WiFi wireless router emitted wireless internet access and the wireless internet signal could have been accessed by anyone with a personal computer.

   5) During the time I lived there, I had many friends, neighbors, and roommates that had access to my computer, the internet connection provided by the cable provider, the wireless router, and Wi-Fi wireless internet connection.

   6) There is no sufficient factual evidence to justify me as being a defendant.

   7) I did not download any copyrighted material owned by Malibu Media LLC.

   8) I do not possess any copyrighted material owned by Mailbu Media LLC on my computer.

9) I request that the Plaintiff voluntarily dismiss me as a defendant.

10) If you proceed with naming me as a defendant, I will follow up on all claims and seek all damages allowed by law against Plaintiff and Plaintiff's Counsel.

The Court should quash the subpoena, which is being used to oppress an innocent ISP subscriber who on the merits without publicly linking their names to illegal trafficking in pornography.

## III. CONCLUSION

Wherefore, John Doe No. 25 moves to quash the subpoena issued to Cablevision/OptimumOnline to obtain John Doe No. 25's identity, and to sever John Doe No. 25 from this action.

Respectfully submitted,
The Defendant,
John Doe No. 25,

*John Doe #25*

/s/   John Doe No. 25

DATED: September 26th, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on September 26th, 2012, the foregoing document was sent by paper copies via first-class mail to those indicated:

Attn: Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Boulevard, Suite 402
Flemington, NJ 08822

Attn: John Ma, Paralegal
Cablevision Systems Corporation
1111 Stewart Ave
Bethpage, NY 11714-3581

Attn: Case Number 3:12-cv-03900-AET-LHG
United States District Court
District of New Jersey
402 East State Street Room 2020
Trenton, NJ 08608

John Doe #25

/s/ John Doe No. 25

DATED: September 26th, 2012