# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

MALIBU MEDIA, LLC,

          **Plaintiff,**

v.

HOWARD LEE, TIMOTHY ARMSTRONG,
WILLIAM SWARTZ, DIMPLE
VENIGALLA, GREGORY TARRIS and
JOHN DOES 25 and
28-62,

          **Defendants.**

**Civil Action No.
12-cv-03900-AET-LHG**

---

## DEFENDANT GREGORY TARRIS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

**McCARTER & ENGLISH, LLP**
Scott S. Christie
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Phone: (973) 848-5388

*Attorneys for Defendant*
*Gregory Tarris*

# **TABLE OF CONTENTS**

I.     **INTRODUCTION**.................................................................................................1

II.    **ARGUMENT**......................................................................................................1

      A.     **Legal Standard** .......................................................................................1

      B.     **Defendant's Counterclaim for a Declaratory Judgment of Non-Infringement Satisfies the Requirements of *Twombly* and *Iqbal*** ...............3

      C.     **Defendant's Counterclaim for a Declaratory Judgment of Non-Infringement of the Work is Necessary to Obtain Relief**.........................5

      D.     **Defendant's Counterclaim for Abuse of Process Satisfies the Requirements of *Twombly* and *Iqbal*** ................................................................6

            1.     **Plaintiff's Use of Expedited Discovery is Improper**...............................8

            2.     **Plaintiff's Use of Joinder is Improper**...................................................12

            3.     **The *Noerr-Pennington* Doctrine Does Not Bar Defendant's Abuse of Process Counterclaim** ...............................................................14

            4.     **Plaintiff's Improper Conduct is Exempted from the Protections of the *Noerr-Pennington* Doctrine**....................................................15

      E.     **Opportunity for a More Definitive Statement**..................................................18

III.    **CONCLUSION** ................................................................................................18

ME1 15135901v.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Acoustic Sys. v. Wenger Corp.,*
    207 F.3d 287 (5th Cir. 2000) ................................................................................15

*AF Holdings LLC v. Chris Rogers,*
    Case No. 12-cv-1519-BTM-BLM (S.D. Cal. Jan. 29, 2013)....................................3

*Amselfilm Productions GMBH & Co. KG v. Swarm 6A6DC, et al.,*
    Civil Action No. 12-3865-FSH-PS (D.N.J. Oct. 10, 2012) ....................................12

*Ash v. Cohn*, 119 N.J.L. 54 (N.J. 1937) ........................................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................2, 3, 6

*Avaya, Inc. v. Cisco Sys.,*
    Civil Action No 10-5881-FLW, 2012 U.S. Dist. LEXIS 79219 (D.N.J. June 6, 2012) ......7, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................2, 3, 6

*California Motor Transport Co. v. Trucking Unlimited,*
    404 U.S. 508 (1972)................................................................................................15

*Cheminor Drugs, Ltd. v. Ethyl Corp.,*
    168 F.3d 119 (3d Cir. N.J. 1999) ...........................................................................16

*D.P. Enter. Inc. v. Bucks County Cmty. Coll.,*
    725 F.2d 943 (3d Cir. 1984)......................................................................................3

*Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.,*
    307 F.3d 197 (3d Cir. N.J. 2002) ..............................................................................3

*G.A.M.E. Apparel, LLC v. Prisco*,
    Civ. No. 12-01339, 2012 U.S. Dist. LEXIS 141564 (D.N.J. Oct. 1, 2012).............2

*Kaiser Foundation Health Plan, Inc. v. Abbott Laboratories, Inc.,*
    552 F. 3d 1033 (9th Cir. 2009) .........................................................................16, 17

*Kottle v. Northwest Kidney Ctrs.,*
    146 F. 3d 1056 (9th Cir. 1998) ...............................................................................16

*Malibu Media, LLC v. John Doe,*
    Civil Action No. 13-1159-FLW-LHG, D.E. 1-5 (D.N.J. Feb. 27, 2013) ...............11

*Malibu Media, LLC v. John Does 1-11,*
    Civil Action No. 12-7615, D.E. 8 at 4 (D.N.J. Feb. 26, 2013) ......................10,11,13

*Malibu Media, LLC v. John Does 1-18*,
   Civil Action No. 12-7643 (D.N.J. Feb. 13, 2013) ............................................................13,14

*Malibu Media, LLC, v. John Does 1–11*,
   Civil Action No. 12-7726-KM (D.N.J. Jan. 22, 2013) ............................................................3

*Modern Woman, LLC v. Doe*,
   Civil Action No. 12-4859-CCC-JAD (D.N.J. Feb. 26, 2013) ..................................................13

*Mosley v. Del. River Port Auth.*,
   Civil Action No. 99-4147, 2000 U.S. Dist. LEXIS 22402 (D.N.J. Aug. 7, 2000) ..............7, 12

*Ortiz v. Ocean County Prosecutor's Office*,
   No. 03-3732-SRC, 2006 WL 2938825 (D.N.J. Oct. 13, 2006) ..................................................7

*In re OSB*,
   2007 WL 2253419 (E.D. Pa. Aug. 3, 2007) ............................................................................2

*Penn Mut. Life Ins. Co. v. Berck*,
   Civil Action No. DKC 09-0578, 2010 U.S. Dist. LEXIS 86025 (D. Md. Aug. 20, 2010) ........................................................................................................................................6

*Pettrey v. Enter. Title Agency, Inc.*,
   Case No. 1:05-cv-1504, 2006 U.S. Dist. LEXIS 83957 (N.D. Ohio Nov. 17, 2006) ...............4

*Phillips v. Cnty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) .....................................................................................................2

*In re Processed Egg Prods. Antitrust Litig.*,
   851 F. Supp. 2d 867 (E.D. Pa. 2012) .......................................................................................2

*Prof'l Real Estate Investors v. Columbia Pictures Indus.*,
   508 U.S. 49 (1993) ............................................................................................................15, 16

*Robinson v. Hartzell Propeller, Inc.*,
   454 F.3d 163 (3d Cir. 2006) ...................................................................................................14

*Simone v. Golden Nugget Hotel & Casino*,
   844 F.2d 1031 (3d Cir. 1988) ...........................................................................................7, 8, 9

*Third Degree Films, Inc. v. John Does 1-110*,
   Civil Action No. 12-5817-WJM-MF (D.N.J. Jan. 17, 2013) ..................................................13

*WE, Inc. v. City of Philadelphia, Dep't of Licenses & Inspections*,
   174 F.3d 322 (3d Cir. 1999) ...................................................................................................15

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 8(a)(2) .......................................................................................1

iv

First Amendment .............................................................................................................15

Rule 12(b)(6).....................................................................................................................2

Rule 41(a)(2) .....................................................................................................................5

v

I.   **INTRODUCTION**

Plaintiff Malibu Media, LLC ("Plaintiff") has moved to dismiss Defendant Gregory Tarris' ("Defendant") counterclaims for Declaratory Judgment of Non-Infringement and for Abuse of Process on the basis that these counterclaims are duplicative of Defendant's Affirmative Defenses and that the Defendant failed to plead any action in this suit which is improper. [D.E. 31-1 at 5]. Contrary to Plaintiff's assertions, however, Defendant's counterclaims meet and exceed the appropriate pleading requirements. Moreover, these counterclaims serve as protection for Defendant against Plaintiff's inevitable attempt to withdraw its claims in this case without prejudice, allowing Defendant to obtain relief to which he is entitled. Finally, this case, and indeed all of Plaintiff's BitTorrent infringement cases, qualify as "sham" litigation and are exempted from the protections of the *Noerr-Pennington* doctrine because the cases are brought for an improper purpose and without regard to the merits. For the reasons set forth in this memorandum, Defendant respectfully requests that the Court deny Plaintiff's motion to dismiss in its entirety.

II.  **ARGUMENT**

   A.   **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires the pleader to provide a "'short and plain statement of the claim showing that the pleader is entitled to

relief' in order to 'give . . . fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To defeat a Rule 12(b)(6) motion, the pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  A claim satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also G.A.M.E. Apparel, LLC v. Prisco*, Civ. No. 12-01339, 2012 U.S. Dist. LEXIS 141564, at *6 (D.N.J. Oct. 1, 2012).

In the Third Circuit, Rule 8 "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also In re OSB*, 2007 WL 2253419, at *5 (E.D. Pa. Aug. 3, 2007) ("Twombly does not . . . require Plaintiffs to prove their allegations before taking discovery."). A pleading need only allege sufficient allegations so as to test whether the pleader has "nudged their claims across the line from conceivable to plausible' to survive a Rule 12(b)(6) motion." *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 879 (E.D. Pa. 2012) (citing *Twombly*, 550 U.S. at 570).  A court may grant a 12(b)(6) motion only "[i]f it appears to a

certainty that no relief could be granted under any set of facts which could be proved." *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984).

B.   **Defendant's Counterclaim for a Declaratory Judgment of Non-Infringement Satisfies the Requirements of *Twombly* and *Iqbal***

To plead copyright infringement, Plaintiff must provide sufficient facts to demonstrate: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. N.J. 2002).

Accepting Defendant's factual allegations as true and construing Defendant's pleading in the light most favorable to Defendant, the facts alleged are sufficient to show that Defendant has not infringed Plaintiff's rights of copyright. First, Defendant has provided enough facts in his pleading to raise a reasonable expectation that discovery will reveal evidence of Plaintiff's failure to show that Defendant himself made unauthorized copies of original elements of Plaintiff's Works.[1]  [D.E. 28, Answer at ¶¶ 16, 20, 36, 41, 47 & 48; Counterclaims at ¶¶ 8 -

---

[1] *See AF Holdings LLC v. Chris Rogers*, Case No. 12-cv-1519-BTM-BLM, D.E. 14 at 3–4, Order Granting in Part Motion to Dismiss (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement.")  Declaration of Scott S. Christie in Support of Defendant Gregory Tarris' Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaims ("Christie Decl.") at Exhibit A; s*ee also Malibu Media, LLC, v. John Does 1–11*, Civil Action No. 12-7726-KM, D.E. 6, Order (D.N.J. Jan.

14].  Indeed, statements made by Defendant in his brief in opposition to Plaintiff's motion to strike affirmative defenses raise serious concerns as to the validity of Plaintiff's copyrights.  [D.E. 35 at 5-6].

Second, Plaintiff's claim that a "declaration [of non-infringement] is simply unnecessary" is unfounded.  [D.E. 31-1 at 8].  This is a case "where a court could find noninfringement without adjudicating the validity of the underlying intellectual property, thus leaving the defendant in fear of future actions," *Pettrey v. Enter. Title Agency, Inc.*, Case No. 1:05-cv-1504, 2006 U.S. Dist. LEXIS 83957, at *10 (N.D. Ohio Nov. 17, 2006), a risk that is well founded in light of Plaintiff's extreme litigiousness.

Finally, given that it is "difficult in most instances to determine whether counterclaims are identical early in litigation, 'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'"  *Pettrey*, 2006 U.S. Dist. LEXIS 83957 at *9 (citing *Wright, Miller & Kane*, 6 Federal Practice & Procedure 2d § 1406).

Defendant's allegations constitute more than mere unadorned accusations.  It is not apparent to a certainty that no relief could be granted under any set of facts

22, 2013) ("By permitting discovery, the Court is not finding that Plaintiff may rely solely on the fact that the person identified as the subscriber is associated with the internet protocol address to prove that such a person engaged in the conduct alleged in Plaintiff's complaint").

4

which could be proved by Defendant.   Therefore, Plaintiff's motion to dismiss Defendant's declaratory judgment claim of non-infringement should be denied.

C.   **Defendant's Counterclaim for a Declaratory Judgment of Non-Infringement of the Work is Necessary to Obtain Relief**

Plaintiff seeks dismissal of Defendant's claim for declaratory judgment of non-infringement by arguing that the claim is an inappropriate "repackaging" of Defendant's affirmative defenses on the same points.  [D.E. 31-1 at 8].  However, to the contrary, this is a claim seeking a ruling as to non-infringement of Plaintiff's Works.   Based on Plaintiff's historical practices in this District, Plaintiff has committed to a litigation strategy consisting of filing hundreds of lawsuits for the purpose of obtaining default judgments and settlements.   At the first sign of trouble, Plaintiff voluntarily dismisses a defendant without prejudice under Rule 41(a)(2) when it is unable to prove that that defendant had engaged in the alleged unauthorized downloading of the copyright-protected movies.   In such circumstances, Plaintiff avoids a ruling on the merits of copyright infringement without any impediment to future litigation if there is no counterclaim of this nature.

If Plaintiff were to dismiss this case as to Defendant and, in the future, refile the suit, Defendant would have no recourse but to expend substantial sums defending the same copyright infringement case a second time.   Critically, the dismissal would leave Plaintiff's allegations of copyright infringement unresolved

absent a declaration of non-infringement which ensures that Defendant can obtain a resolution of this matter on the merits through an independent adjudication of the issues raised in his counterclaim.   The counterclaim serves as protection for Defendant against  Plaintiff's inevitable attempt to withdraw its claims in this case without prejudice.   *Penn Mut. Life Ins. Co. v. Berck*, Civil Action No. DKC 09-0578, 2010 U.S. Dist. LEXIS 86025 (D. Md. Aug. 20, 2010) ("[A] court should normally entertain a declaratory action where the 'relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'").   Thus, the Court should allow Defendant to move forward with his declaratory judgment claim, irrespective of whether Plaintiff decides to dismiss this action.

D.     **Defendant's Counterclaim for Abuse of Process Satisfies the Requirements of *Twombly* and *Iqbal***

Common law malicious abuse of process claims seek to hold a defendant liable for "the improper, unwarranted, and perverted use of process after it has been issued . . . ."  *Ash v. Cohn*, 119 N.J.L. 54, 58 (N.J. 1937).  One who uses a legal process against another primarily to accomplish a purpose for which it is not designed is subject to liability to the other for harm caused by the abuse of that

process.  *Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1037 (3d Cir.

1988) (citing Restatement (Second) of Torts Sec. 682 (1977)).

"[A]n abuse of process occurs when a prosecution is initiated legitimately

[but] thereafter is used for a purpose other than that intended by the law." *Avaya,*

*Inc. v. Cisco Sys.*, Civil Action No 10-5881-FLW, 2012 U.S. Dist. LEXIS 79219,

at *7 (D.N.J. June 6, 2012) (citing *Mitchell v. Guzick*, 138 Fed. Appx. 496, 502 (3d

Cir. 2005)).  To properly plead the tort of abuse of process, a party must allege

sufficiently these elements: (1) ulterior motive; and (2) "further act after the

issuance of process representing the perversion of the legitimate use of the

process." *Id.*

The typical abuse of process claim involves leveraging some attachment

process or complaint in order to achieve some other end.  *See Avaya*, 2012 WL

2065536, at *8; *see also Mosley v. Del. River Port Auth.*, Civil Action No. 99-

4147, 2000 U.S. Dist. LEXIS 22402, at *33-34 (D.N.J. Aug. 7, 2000) ("abuse of

process claims are generally reserved for cases in which a person uses the process

to coerce the plaintiff into doing something or to extort something from the

plaintiff; in short, for a collateral purpose that is not properly obtainable and is

totally extraneous to the legitimate use of the process."); *Ortiz v. Ocean County*

*Prosecutor's Office*, No. 03-3732-SRC, 2006 WL 2938825, at *5 (D.N.J. Oct. 13,

2006) ("[T]he test is . . . whether the process has been used to accomplish some

7

unlawful end, or to compel defendant to do some collateral thing which he could not legally be compelled to do."); *Simone*, 844 F.2d at 1036 (3d Cir. Pa. 1988) ("In other words, abuse of process is the misuse or misapplication of the legal procedure in a manner not contemplated by law.").

1.    **Plaintiff's Use of Expedited Discovery is Improper**

Plaintiff's actions have not been confined to their regular and legitimate functions in relation to the cause of action stated in the Complaint. Plaintiff filed a motion for expedited discovery to serve third party subpoenas to various Internet Service Providers ("ISPs") in order to obtain the identities of the defendants so it could purportedly "advance the asserted claims." [D.E. 4-7 at 10]. Magistrate Judge Goodman granted the order "for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint." [D.E. 6 at 3]. Based upon the service of these subpoenas, Plaintiff learned the identities of the subscribers of the IP addresses that allegedly had been used to infringe Plaintiff's rights of copyright in the Works, including Defendant.

On October 9, 2012, Defendant was contacted by Lauren Michaels who advised that she was a representative of the legal department of Plaintiff. *See* Declaration of Gregory Tarris in Support of His Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaims ("Tarris Decl.") ¶ 2. Ms. Michaels further advised Defendant that he was a defendant in a copyright infringement lawsuit

8

filed by Plaintiff because the IP address to which he subscribes allegedly was used to download without authorization sixteen movies in which Plaintiff purportedly owns the rights of copyright. *Id.* at ¶ 3.

Defendant explained to Ms. Michaels that he could not have downloaded the Works because he was away from home on the relevant date and time of the alleged download. *Id.* at ¶ 4. Defendant further explained to Ms. Michaels that on the relevant date and time other individuals had access to the Internet connection via the IP address to which he subscribes. *Id.* at ¶ 5. Ms. Michaels was dismissive of this explanation. *Id.* at ¶ 6.

Defendant asked Ms. Michaels to identify Plaintiff's proof that Defendant himself had downloaded the Works without authorization. *Id.* at ¶ 7. Ms. Michaels declined to answer. She said only that it was enough that Defendant was linked to the allegedly offending IP address. *Id.* at ¶ 8. Ms. Michaels advised Defendant that he should seek legal counsel, but that he could resolve the lawsuit quickly and inexpensively by paying a settlement to Malibu Media. She informed Defendant that the "going rate" for settling cases like this is $750 for each of the sixteen films at issue. *Id.* at ¶ 9.

Defendant's contention is not, as Plaintiff claims, that Plaintiff's offer to settle constitutes an abuse of process. The abuse of process stems from Plaintiff's misrepresentation to the Court as to its intention for seeking third party subpoenas

9

on an expedited basis.  Plaintiff represented that the subpoenas were required "to advance the asserted claims" while having no intention to obtain a resolution of this matter on the merits.   The Court granted Plaintiff's request with the understanding that the information was necessary for the protection and enforcement of Plaintiff's rights; not that the information would be used to coerce settlements from defendants.

Recognizing Plaintiff's historic misuse of such subpoenas, Magistrate Judge Dickson, in another of the numerous cases filed by Plaintiff in this District, issued subpoenas to Plaintiff in a manner that circumscribed its ability to abuse the legal process. *See  Malibu Media, LLC v. John Does 1-11*, Civil Action No. 12-7615, D.E. 9 (D.N.J. Feb. 26, 2013) (Dickson, J.) ("The subpoena may <u>only</u> seek the name and address of the account holder of such IP address. Under no circumstances is Plaintiff permitted to seek for obtain the telephone number(s) or email address(es) of this individual, or seek to obtain information about any potential John Doe defendant other than John Doe 1. Plaintiff shall attach a copy of the Order that shall accompany this Opinion to the subpoena.  Information obtain from the ISP shall only be used for the purpose of this litigation and Plaintiff shall be prepared provide copies of the responsive information to the specific defendant who may enter in appearance in this case.  All other aspects of Plaintiff's motion for expedited discovery are denied.") .

ME1 15135901v.1

Plaintiff also represented to the Court that "'[o]nce provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the subscriber' [i.e., the Defendant]." [D.E. 4-7 at 4]. However, Plaintiff is fully aware of and has acknowledged that an IP address alone cannot correlate to the individual that allegedly infringed Plaintiff's rights of copyright. *See* D.E. 31-1 at 19 ("[P]laintiff provided sworn testimony that Defendant's **internet** was used to commit the subject infringement.") (emphasis added). Plaintiff inexplicably continues to allege without any factual justification in this suit and in newly filed suits that the alleged infringer of Plaintiff's rights of copyright is the subscriber of the allegedly offending IP address.[2] [D.E. 12, ¶¶ 6, 11, 12, 16, 24, 36, 41, 47, 48, 55, 62, 63, 65, 66 & 67]; *see also Malibu Media, LLC v. John Does 1-11*, Civil Action No. 12-7615, D.E. 8 at 6:

> Plaintiff seeks all information regarding the account holder of a certain IP address including the account holders' true name, address, telephone number, email address and Media Access Control address. . . . The release of this information could impose an undue burden on individuals who may have provided their information to an ISP, but

---

[2] Indeed, acknowledging the deficiency in pleading such allegations, Plaintiff has shifted its tactics in this District by filing individual suits and including with the complaint an "Exculpatory Evidence Request." *See Malibu Media, LLC v. John Doe*, Civil Action No. 13-1159-FLW-LHG, D.E. 1-5 (D.N.J. Feb. 27, 2013); Christie Decl. at Exhibit B.

11

> who did not engage in the alleged illegal distribution of Plaintiff's work.
>
> This distinction - namely the difference in identity between the holder of an IP account and the individual who improperly distributed the copyrighted work - is critical and not likely addressed by the so-called "limited" discovery sought by Plaintiff. Even permitting Plaintiff to obtain the expedited discovery that it seeks would not necessarily reveal the appropriate defendant's identity. It will only provide the account holder.

(D.N.J. Feb. 26, 2013) (Dickson, MJ.).  In short, Plaintiff's use of the expedited discovery was for a collateral purpose that is totally extraneous to the legitimate use of the process.  *See Del. River Port Auth.*, 2000 U.S. Dist. LEXIS 22402, at *33-34.   Thus, Plaintiff's motion to dismiss Defendant's abuse of process counterclaim should be denied.

### 2.   Plaintiff's Use of Joinder is Improper

Defendant's contention is not, as Plaintiff claims, that Plaintiff's reliance upon permissive joinder is improper because it reduces filing fees.  [D.E. 31-1 at 13].   Rather, Defendant claims that Plaintiff's abuse is related to the improper joinder of members of the "swarm" in order to facilitate Plaintiff's litigation strategy of obtaining expedited discovery, coercing settlements, and thereafter withdrawing suits.

Plaintiff's blanket assertion that the District of New Jersey has declined to sever defendants in copyright BitTorrent infringement cases is without merit.  *See*, *e.g.*, *Amselfilm Productions GMBH & Co. KG v. Swarm 6A6DC, et al.*, Civil

12

Action No. 12-3865-FSH-PS, D.E. 12 at 3 (D.N.J. Oct. 10, 2012) (Hochberg, J.) (severing and dismissing the case, finding that "[t]here must be a connection between defendants beyond the copyrighted work and method of distribution, namely that defendants were involved in the same transaction with the same downloader at the same time."); *Third Degree Films, Inc. v. John Does 1-110*, Civil Action No. 12-5817-WJM-MF, D.E. 7 at 2 (D.N.J. Jan. 17, 2013) (Falk, MJ.) ("This Court fully agrees with Judge Hochberg's Order and will follow the reasoning therein."); *Modern Woman, LLC v. Doe*, Civil Action No. 12-4859-CCC-JAD, D.E. 6 at 4 (D.N.J. Feb. 26, 2013) (Dickson, MJ.) ("In recent cases in this District, courts determined that joinder of numerous John Doe defendants, such as those named herein, is inappropriate.") (citing *Amselfilm* and *Third Degree Films*); *Malibu Media, LLC v. John Does 1-11*, Civil Action No. 12-7615, D.E. 8 at 4 (D.N.J. Feb. 26, 2013) (Dickson, MJ.) (Order to Show Cause "why this Court should not recommend *sua sponte* dismissal of this case")[3]; *Malibu Media, LLC v. John Does 1-18*, Civil Action No. 12-7643, D.E. 8 at 2 (D.N.J. Feb. 13, 2013) (Donio, MJ.) (Order to Show Cause on March 6, 2013, as to why all John Does except John Doe 1 should not be severed and dismissed without prejudice.)[4].

---

[3] On February 28, 2013, Plaintiff filed a Notice of Voluntary Dismissal to dismiss all John Does from the action because "the period of time for which the Internet Service Providers keeps the data records has elapsed." The entire case thereafter was terminated.

[4] On March 4, 2013, Plaintiff submitted a letter to Judge Donio advising the court that it had filed a Notice of Voluntary Dismissal Without Prejudice dismissing all John Does except John Doe 1,

ME1 15135901v.1

As these other judges in this District have determined, use of permissive joinder of defendants in copyright BitTorrent infringement cases is a perversion of the joinder process because it does nothing other than facilitate a cost-effective mechanism for plaintiffs in such cases, including Plaintiff, to maximize the number and amount of coercive settlements in the shortest possible time.

### 3.   The *Noerr-Pennington* Doctrine Does Not Bar Defendant's Abuse of Process Counterclaim

Plaintiff erroneously claims that Defendant's counterclaim for abuse of process is barred by the *Noerr-Pennington* doctrine. [D.E. 31-1 at 15]. However, when applied to lawsuits between private litigants, as opposed to those involving public officials, "the "*Noerr-Pennington* doctrine does not provide an 'immunity from suit' but rather only a defense against liability."   *Avaya Inc. v. Cisco Sys.*, 2012 U.S. Dist. LEXIS 79219, at *15. This rationale has been confirmed in recent decisions, and has been adopted in other districts.   *See Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 171-172 (3d Cir. 2006) ("The possibility that the 'burdens of suit . . . might deter [public officials] from vigorous execution of their office [was] a consideration missing in the case of the private defendant'.") (internal citations and quotations omitted); *Acoustic Sys. v. Wenger Corp.*, 207

---

and that the Order to Show Cause is now moot.  *See Malibu Media, LLC v. John Does 1-18*, Civil Action No. 12-7643, D.E. 11 at 1.

F.3d 287, 290 (5th Cir. 2000) ("The *Noerr-Pennington* doctrine does not provide anyone a right not to stand trial").

Ultimately, the Third Circuit held that, "[w]ithout diminishing the importance of the First Amendment right to petition that is protected by the *Noerr-Pennington* Doctrine, . . . a right not to be burdened with a trial is simply not an aspect of this protection." *WE, Inc. v. City of Philadelphia, Dep't of Licenses & Inspections*, 174 F.3d 322, 330 (3d Cir. 1999).  In this case, both parties are private litigants.  Defendant's claim of abuse of process, therefore, is not barred by *Noerr-Pennington*.  Accordingly, the *Noerr-Pennington* doctrine provides no justification for dismissing Defendant's abuse of process counterclaim.

4.  **Plaintiff's Improper Conduct is Exempted from the Protections of the *Noerr-Pennington* Doctrine**

The general exception to the Noerr-Pennington doctrine is for "sham" lawsuits.  *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 511 (1972).  In an appeal from a Ninth Circuit copyright infringement case, the U.S. Supreme Court established a two-part test for sham lawsuits.  *Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49 (1993).  First, a sham lawsuit is one that is so "objectively baseless" that "no reasonable litigant could realistically expect success on the merits." *Id.* at 60.  If the first part of the test is met, courts should then examine the plaintiff's subjective motivation, and in so

15

doing, "the court should focus on whether the baseless suit conceals 'an attempt to interfere directly' with the business relationships of a competitor." *Id.*

The "sham" lawsuit exception to the *Noerr-Pennington* doctrine has been extended beyond "objectively baseless" lawsuits to include fraudulent lawsuits. In *Kottle v. Northwest Kidney Ctrs.*, 146 F. 3d 1056, 1060 (9th Cir. 1998), the Ninth Circuit explained that where the litigation behavior at issue "consists of making intentional misrepresentations to the court, litigation can be a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." *Id.* (quoting *Liberty Lake Inv., Inc. v. Magnuson*, 12 F.3d 155, 158 (9th Cir. 1993)); *see also Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, fn. 12 (3d Cir. N.J. 1999).

In *Kaiser Foundation Health Plan, Inc. v. Abbott Laboratories, Inc.*, 552 F. 3d 1033 (9th Cir. 2009), the Ninth Circuit further explained that there are essentially three different kinds of "sham" lawsuits that are not immunized by *Noerr-Pennington*: (i) "where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful;" (ii) "where the conduct involves a series of lawsuits brought pursuant to a policy of starting legal proceedings without regard to the merits and for an unlawful purpose;" and (iii) "if the allegedly unlawful conduct consists of making intentional misrepresentations to the court, litigation can be deemed a sham if a party's knowing fraud upon, or its intentional

misrepresentations to, the court deprive the litigation of its legitimacy."  552 F. 3d at 1045 (citations and internal quotation marks omitted).

Here, Plaintiff's suit falls squarely within the second and third types of "sham" lawsuits recognized by the Ninth Circuit.  Plaintiff's conduct involves bringing a series of lawsuits pursuant to a policy of starting legal proceedings to obtain settlements, without regard to the actual merits of the cases.  As of February 28, 2013, and as recently as February 27, 2013, Plaintiff has filed close to 30 suits against John Doe defendants in the District of New Jersey alone.  Christie Decl. at Exhibit C.  Nevertheless, this District has yet to see an adjudication on the merits of Plaintiff's claims in any of these cases, but has been witness to countless voluntary dismissals that are directly related to Plaintiff's litigation strategy to obtain quick settlements.  Plaintiff continues to file such suits knowing very well the lack of correlation between the IP address of a subscriber and the identity of the alleged downloader.  Yet, even after having been put on notice of its deficiencies by opinions and orders from judges in this District and in other districts, Plaintiff proceeds under the same discredited theory of liability.  Thus, this Court should find the *Kaiser Foundation* court's interpretation of "sham" lawsuits is persuasive, and rule that Plaintiff is not entitled to shield itself from liability under the *Noerr-Pennington* doctrine.

17

    E.    **Opportunity for a More Definitive Statement**

Although Defendant has adequately plead the claims in his Answer and Counterclaims, and such claims are sufficient to defeat Plaintiff's Motion to Dismiss, Defendant respectfully requests that he be allowed to file an Amended Answer and Counterclaims to cure any deficiencies determined by the Court.

III.    **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion to Strike be denied in its entirety.

Dated: March 4, 2013          By:  *s/Scott S. Christie*
                              Scott S. Christie
                              McCARTER & ENGLISH, LLP
                              Four Gateway Center
                              100 Mulberry Street
                              Newark, NJ 07102
                              Phone: (973) 848-5388
                              *Attorneys for Defendant Gregory Tarris*

ME1 15135901v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that true copies of the DEFENDANT GREGORY TARRIS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS and supporting exhibits were caused to be served on March 4, 2013 via the ECF system upon counsel of record.


By:  <u>*s/Scott S. Christie*</u>
Scott S. Christie

ME1 15135901v.1