Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC, | 12-cv-03900-AET-LHG |
| Plaintiff, | |
| v. | |
| HOWARD LEE, TIMOTHY ARMSTRONG, WILLIAM SWARTZ, DIMPLE VENIGALLA, GREGORY TARRIS and JOHN DOES 25 and 28-62, | |
| Defendants. | |

## PLAINTIFF'S REPLY TO DEFENDANT'S
## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO
## DISMISS DEFENDANT'S COUNTERCLAIMS [CM/ECF NO. 38]

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION .............................................................................4

II.    DEFENDANT'S     ARGUMENT     THAT     THE     DECLARATORY
       JUDGMENT  OF  NON-INFRINGEMENT  SHOULD  REMAIN  IN  THE
       CASE OF A VOLUNTARY DISMISSAL IS WITHOUT MERIT UNDER
       THESE CIRCUMSTANCES .........................................................5

III.   DEFENDANT  CLAIM  FOR  ABUSE  OF  PROCESS  MUST  BE
       DISMISSED .................................................................................9

A.     Plaintiff Has Not Engaged In Improper Conduct ...........................9

B.     The Noerr-Pennington Doctrine Sufficiently Bars Defendant's Claims.......11

       i.    The Noerr-Pennington Doctrine Can Apply to Private Parties...........12

       ii.   The  Third  Circuit  Does  Not  Recognize  An  Exception  To  Noerr-
             Pennington  Immunity  Where  The  Petitioning  Activity  Includes  A
             Misrepresentation or Fraudulent Statement ................................13

## TABLE OF AUTHORITIES

*Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119 (3d Cir. 1999) ................ 12, 14

*Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986).............................8

*Infa-Lab, Inc. v. KDS Nail Intern.*, 2008 WL 4793305, at *3 (E.D. Cal. 2008) .......8

*Malibu Media v. John Doe 1*, 2:12-cv-02078-MMB, CM/ECF 100 (E.D. Pa. March 4, 2013) .............................................................................7

*Malibu Media v. Ryan Geary*, 12-cv-01876-REB-MEH (D. Colo. Jan. 15, 2013)...8

*Malibu Media, LLC v. John Does No. 1-30*, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012)....................................................11

*Motown Record Co., L.P. v. Kovalcik*, CIV. 07-CV-4702, 2009 WL 455137 (E.D. Pa. Feb. 23, 2009) ............................................................12

*Sosa v. DirecTV, Inc.* 437 F.3d 923 (9th Cir. 2006) ...................................12

*UMG Recordings, Inc. v. Martino*, 4:08-CV-1756, 2009 WL 1069160 (M.D. Pa. Apr. 21, 2009)...............................................................13

*Wright v. DeArmond*, 977 F.2d 339 (7th Cir. 1992).................................11

*Zemenco, Inc. v. Developers Diversified Realty Corp.*, CIV.A. 03-175, 2005 WL 2545303 (W.D. Pa. Oct. 7, 2005) ........................................ 12, 13, 14

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, hereby files its reply to the Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaims [CM/ECF No. 44] (the "Response") filed by Defendant, Gregory Tarris, ("Defendant"), and states:

## I.   INTRODUCTION

Defendant's Counterclaims attempt to allege counts for: (1) Declaratory Judgment of Non-Infringement of the Work and (2) Abuse of Process.  As a threshold matter,  Defendant's first counterclaim fails and should be dismissed as simply duplicating Defendant's Affirmative Defense and denials on the same points of law.  Even if procedurally proper, which it is not, Defendant's first counterclaim also fails to state a claim upon which relief can be granted. Defendant's argument that a Declaratory Judgment of Non-Infringement is its only option against Plaintiff voluntarily dismissing him is incorrect because Fed. R. Civ. P. 41 does not allow Plaintiff to dismiss on its own after Defendant has answered.

As to the abuse of process count, Defendant failed to plead that Plaintiff performed any action in this suit which is improper.  To the contrary, the record demonstrates that this Court found that there was "good cause" for Plaintiff to obtain Defendant's identity.  Defendant also incorrectly argues the Court should adopt a standard different than that used by the Third Circuit in order to erroneously label Plaintiff's litigation as a "sham".

4

For these reasons, as more fully explained below, Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaim in its entirety.

## II. DEFENDANT'S ARGUMENT THAT THE DECLARATORY JUDGMENT OF NON-INFRINGEMENT SHOULD REMAIN IN THE CASE OF A VOLUNTARY DISMISSAL IS WITHOUT MERIT UNDER THESE CIRCUMSTANCES

Defendant's Opposition challenges Plaintiff's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment of Non Infringement on the assumption that Defendant properly pled a claim for relief and that Plaintiff will later voluntary dismiss Defendant as part of an alleged "litigation strategy" to sue and then dismiss defendants.

Defendant's arguments fail for multiple reasons. First, under Fed. R. Civ. P. 41(a)(1)(a) Plaintiff can no longer voluntarily dismiss Defendant without prejudice without (1) a Court Order or (2) stipulation by the parties because Defendant has answered Plaintiff's Complaint. *See* CM/ECF 28. Therefore, there is no risk to Defendant that Plaintiff may voluntarily dismiss him without notice.

Second, the posture and purpose of this case belies Defendant's argument that Plaintiff does not intend to follow through with its infringement claims. On June 26, 2012 Plaintiff filed its Complaint against John Doe defendants for copyright infringement. On July 3, 2012 Plaintiff filed its First Motion for Discovery to serve third party subpoenas prior to a Rule 26(f) conference. CM/ECF 4. As Plaintiff stated in its Memorandum of Law in Support of its

Motion, [CM/ECF 4-7], "[w]ithout this information, Plaintiff cannot serve the Defendants nor pursue this lawsuit to protect its valuable copyrights."  Upon receiving the names of the Defendants, Plaintiff examined its evidence and any exculpatory evidence provided to it and decided to serve and move forward with its suit against several Defendants.  *See* CM/ECF 20-25.  On November 29, 2012 the Court held a settlement conference.  Unable to resolve its case against several Defendants, Plaintiff proceeded to amend its Complaint and serve the Defendants. Since then, Defendant Gregory Tarris has answered the Complaint and asserted a Counterclaim and affirmative defenses.  CM/ECF 28.  Plaintiff has responded by moving to strike the affirmative defenses and dismiss the Defendant's counterclaim.  If Plaintiff's "litigation strategy" was to avoid litigation, it would not have named and served multiple Defendants.

Defendant erroneously asserts that "[a]t the first sign of trouble, Plaintiff voluntarily dismisses a defendant without prejudice under Rule 41(a)(2) when it is unable to prove that that defendant engaged in the alleged unauthorized downloading of the copyrighted protected movies."  CM/ECF 38-5.  Defendant does not cite any authority in support of his statement.  Indeed, in this case, Plaintiff has responded to every motion filed and also has filed dispositive motions against Defendant in an effort to narrow the pleadings.  In other cases in the Third Circuit, Plaintiff is in the advanced discovery stage of litigation and expects a trial

on the merits in June of 2013.  *See Malibu Media v. John Doe 1*, 2:12-cv-02078-MMB, CM/ECF 100 (E.D. Pa. March 4, 2013) (describing in detail the amount of work and effort Plaintiff has put forth to prepare for trial).  Simply put, there are no actions which indicate that Plaintiff would dismiss Defendant from its claims even if it could.

Defendant's arguments contradict himself.  He states, "[a]t the first sign of trouble, Plaintiff voluntarily dismisses a defendant without prejudice under Rule 41(a)(2) when it is unable to prove that that defendant engaged in the alleged unauthorized downloading of the copyrighted protected movies."  CM/ECF 38-5.  But then justifies the Court doubling its work and allowing his Counterclaim to move forward so that, "[i]f Plaintiff were to dismiss this case as to Defendant and, in the future, refile the suit, Defendant would have no recourse but to expend substantial sums defending the same copyright infringement case a second time."  *Id*.  Defendant cannot have it both ways by arguing that Plaintiff runs from trouble, and at the same that Plaintiff will likely aggressively pursue Defendant after a dismissal.  Even if Plaintiff were to run from trouble, which it does not, Defendant would then not reasonably fear a high bill if Plaintiff sues him again.

Third, allowing Defendant's Counterclaim in this instance would only be enabling claims that are wholly without merit and dismissible on their face.  As Plaintiff stated in its Motion to Dismiss, Defendant did not even plead the elements

of copyright infringement in his Declaration of Non-Infringement.  *See* CM/ECF 28-14.

Finally, even if the Counterclaim stated a claim, which they do not, the Counterclaim offers no useful purpose, separate and apart from Defendant's answer and Defendant's Affirmative Defenses.  It simply seeks relief opposite of what Plaintiff asserts in its Complaint.  As the Honorable Judge Hegarty noted of the District Court of Colorado, when ruling on the exact same issue, "[c]learly, Defendant seeks no relief in his Counterclaim other than that which would have the opposite effect of the relief sought in the Complaint. As such, his Counterclaim is redundant and unnecessary."  *Malibu Media v. Ryan Geary*, 12-cv-01876-REB-MEH (D. Colo. Jan. 15, 2013).

In sum, allowing Defendant's Counterclaim for declaratory relief will not avail Defendant "of any relief which is not already available to [her] under the existing pleadings."  *Infa-Lab, Inc. v. KDS Nail Intern.*, 2008 WL 4793305, at *3 (E.D. Cal. 2008).  Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id., quoting Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986).  In this case, "both aims will be accomplished through litigating plaintiff's case-in-chief and defendant's affirmative defenses."  *Id*.  The

Court should not waste its time and resources evaluating meritless counterclaims—which are duplicative of meritless affirmative defenses—when it can evaluate the simple issue of whether or not Defendant infringed Plaintiff's copyrights using BitTorrent on the Complaint and Answer in this case. Concomitantly, Plaintiff should not have to waste its time and resources enduring needless discovery and trial preparation on a duplicative front.

## III.   DEFENDANT CLAIM FOR ABUSE OF PROCESS MUST BE DISMISSED

### A.   Plaintiff Has Not Engaged In Improper Conduct

Defendant's claim of improper conduct is frivolous on its face. Defendant states that Plaintiff's improper conduct is from "actions [that] have not been confined to their regular and legitimate functions in relation to the cause of action stated in the Complaint." CM/ECF 38 at 8. "Magistrate Judge Goodman granted the order 'for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint." *Id* citing CM/ECF 6 at 3. "The abuse of process stems from Plaintiff's misrepresentation to the Court as to its intention for seeking third party subpoenas on an expedited basis. Plaintiff represented that the subpoenas were required 'to advance the asserted claims' while having no intention to obtain a resolution of this matter on the merits." *Id*. "The Court granted Plaintiff's request with the understanding that the information was necessary for the protection and

enforcement of Plaintiff's rights; not that the information would be used to coerce settlements from defendants." *Id*.

Defendant then cites to a declaration of a conversation he had with Plaintiff wherein he told Plaintiff he could not have been the infringer because (1) he was not home and (2) other people may have done it. Defendant states "Plaintiff was dismissive of this explanation." Plaintiff did not find Defendant's assertions credible. Not finding Defendant's defense credible, when Defendant has not offered any evidence to support his defense, is not an abuse of process. If every plaintiff was expected to immediately dismiss a lawsuit because a defendant said "he was out of town" without any evidence, there would never be any lawsuits.

Even if Defendant was out of town, Defendant could have left his computer on while it continued to distribute Plaintiff's movie.

Defendant claims Plaintiff's intent was to use information it received from early discovery to "coerce settlements from defendants." Defendant bases this assumption from its conversation with Plaintiff wherein Plaintiff "advised Defendant that he should seek legal counsel, but that he could resolve the lawsuit quickly and inexpensively by paying a settlement to Malibu Media." *Id*. Defendant further states that Plaintiff stated "the 'going rate' for settling cases like this is $750 for each of the sixteen films at issue." Indeed, $750 per infringement

is the lowest statutory damages award under the United States Copyright Act.  *See* 17 U.S.C. §504(c)(1).

Plaintiff's actions of offering Defendant a settlement when Plaintiff found Defendant's defense to not be credible, while at the same time encouraging him to seek legal counsel, is not an abuse of process.  Plaintiff's motion for leave and use of the Defendant's information was also not an abuse of process.  Indeed, Plaintiff ultimately named and served Defendant and is proceeding to litigate against Defendant with the intention of adjudicating on the merits.  Under Defendant's theory of abuse of process, any Plaintiff that filed a Complaint against a Defendant and then, during the course of litigation, offered a settlement, would constitute abuse of process.  Likewise, Defendant's contention that use of joinder as an "improper purpose" is also frivolous because, as Plaintiff stated in its Motion to Dismiss, this Court has found joinder in copyright BitTorrent infringement cases to be proper.  *Malibu Media, LLC v. John Does No. 1-30*, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012).  Further, your Honor has not yet severed the Defendants.

   B.   The Noerr-Pennington Doctrine Sufficiently Bars Defendant's Claims

"The Petition Clause of the First Amendment [] is 'cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression.'" *Wright v. DeArmond*, 977 F.2d 339 (7th Cir. 1992)

(internal citations omitted). "[T]he Supreme Court has held that 'there was immunity regardless of the defendants' motivations in waging their campaigns, as it recognized that the right of individuals to petition the government 'cannot properly be made to depend on their intent in doing so.'" Zemenco, Inc. v. Developers Diversified Realty Corp., CIV.A. 03-175, 2005 WL 2545303 (W.D. Pa. Oct. 7, 2005) aff'd, 205 F. App'x 82 (3d Cir. 2006). "While the right to petition conferred by the First and Fourteenth Amendments does not provide an absolute immunity from liability for actions based on petitioning activity, the Supreme Court has held that such liability cannot be imposed in the absence of a finding that the position taken lacked any reasonable basis." *Id.*

> i.    The Noerr-Pennington Doctrine Can Apply to Private Parties

Numerous Courts have found that the Noerr-Pennington Doctrine applies to private parties and likewise have dismissed similar cases on this basis. *See e.g. Sosa v. DirecTV, Inc.* 437 F.3d 923 (9th Cir. 2006) (find the Noerr-Pennington doctrine barred a claim of fraud for presuit settlement letters); *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119 (3d Cir. 1999) (applying Noerr-Pennington in suit against two drug manufacturers); *Motown Record Co., L.P. v. Kovalcik*, CIV. 07-CV-4702, 2009 WL 455137 (E.D. Pa. Feb. 23, 2009) (record label suit for copyright infringement against an individual using peer to peer software); *UMG*

*Recordings, Inc. v. Martino*, 4:08-CV-1756, 2009 WL 1069160 (M.D. Pa. Apr. 21, 2009) (same).

Applying the Noerr-Pennington Doctrine to private parties is reasonable because to do otherwise would effectively chill Plaintiff's right to petition the government. Indeed, Defendant's claims for abuse of process attack Plaintiff's "litigation strategy" and settlements. If the Court were to allow Defendant's claims to go forward, discovery would essentially be protected by attorney-client privilege and confidential settlement communications. This discovery would effectively chill Plaintiff's ability to bring a suit for copyright infringement.

> ii.    The Third Circuit Does Not Recognize An Exception To Noerr-Pennington Immunity Where The Petitioning Activity Includes A Misrepresentation or Fraudulent Statement

Even if Plaintiff did misrepresent to the Court a statement regarding its motion to leave, which Plaintiff empathetically denies that it did not, the Third Circuit does not recognize a misrepresentation or fraudulent statement as part of the "sham" exception to Noerr-Pennington Immunity. "The Third Circuit has declined to recognize an exception to *Noerr-Pennington* immunity where the petitioning activity includes a misrepresentation or fraudulent statement." *Zemenco, Inc. v. Developers Diversified Realty Corp.*, CIV.A. 03-175, 2005 WL 2545303 (W.D. Pa. Oct. 7, 2005) aff'd, 205 F. App'x 82 (3d Cir. 2006). "We

13

decline to carve out a new exception to the broad immunity that *Noerr-Pennington* provides." *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 123 (3d Cir. 1999).

Indeed, "[t]he Third Circuit has indicated that this so-called sham exception applies where 'the [petitioning activity was] without probable cause and primarily for a purpose other than securing the proper adjudication of [the] claim.'" *Zemenco, Inc. v. Developers Diversified Realty Corp.*, CIV.A. 03-175, 2005 WL 2545303 (W.D. Pa. Oct. 7, 2005) *aff'd*, 205 F. App'x 82 (3d Cir. 2006).  In this case, the Court found Plaintiff had "good cause" for early discovery [CM/ECF 6] and, as stated above, Plaintiff's primary purpose has always been to secure proper adjudication of its claim.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)    Granting Plaintiff's Motion to Dismiss Defendant's Counterclaims;

(B)    Dismissing Defendant's Counterclaims with prejudice; and

(C)    Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  March 11, 2013

Respectfully submitted,

By:     *Patrick J. Cerillo, Esq.*
        Patrick J. Cerillo, LLC
        4 Walter Foran Blvd., Suite 402
        Flemington, NJ 08822
        T: (908) 284-0997
        F: (908) 284-0915
        pjcerillolaw@comcast.net
        *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     *Patrick J. Cerillo, Esq.*