NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MALIBU MEDIA, LLC.

            Plaintiff,

v.

Howard LEE, Timothy ARMSTRONG,
William SWARTZ, Dimple VENIGALLA,
Gregory TARRIS, and John DOES 25 and 28-
62,

            Defendants.

Civ. No. 12-03900

MEMORANDUM OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon the motions of Plaintiff Malibu Media, LLC.

("Plaintiff") to (1) Dismiss Defendant Gregory Tarris' ("Defendant's") Counterclaims pursuant

to Federal Rule of Civil Procedure 12(b)(6), (Doc. No. 31), and to (2) Strike or Dismiss

Defendant's Affirmative Defenses pursuant to Federal Rules of Civil Procedure 12(f) and 56(a),

(Doc. No. 32). Defendant opposes. (Doc. Nos. 35, 38). The Court has decided the motions

based upon the written submissions of the parties under Federal Rule of Civil Procedure 78(b).

For the reasons included herein, the Court will grant in part and deny in part Plaintiff's motions.

## BACKGROUND

1. Plaintiff's Complaint

On June 26, 2012, Plaintiff filed the present action against 62 John Does based upon the

alleged direct and contributory infringement of its copyrights to 16 motion pictures ("the

Works"). (Doc. No. 1, Compl.). Seven days later, in an effort to determine the Doe Defendants'

true identities, Plaintiff moved for pre-Rule 26(f) conference discovery to serve third party

subpoenas on the Doe Defendants' Internet Service Providers ("ISPs").  (Doc. No. 4).  The Court

granted the motion and permitted Plaintiff to serve each ISP with a Rule 45 subpoena demanding

the true name, address, telephone number, e-mail address and Media Access Control ("MAC")

address of the person to whom a relevant IP address was assigned.  (Doc. No. 6 at ¶ 2).  Plaintiff

then filed an Amended Complaint adding five named individuals and dismissing certain Doe

Defendants.  (Doc. No. 12, Amd. Compl.).

       In its Amended Complaint, Plaintiff asserts one count of direct infringement and one

count of contributory infringement.  (Amd. Compl. at ¶¶ 53-69).  Specifically, Plaintiff alleges

that the named individuals and Doe Defendants (collectively, "the Peers") perpetrated the

infringement via the copy and distribution of a "torrent" file containing the Works through a

"BitTorrent protocol."  "BitTorrent" is a common peer-to-peer file sharing protocol used for

distributing large amounts of data.  (Amd. Compl. at ¶ 22).  "Torrent sites" are websites that

index torrent files currently available for copying and distribution via the BitTorrent protocol.

(Amd. Compl. at ¶ 35).  A torrent file contains a file that has been broken into hundreds or

thousands of pieces.  (Amd. Compl. at ¶ 42).  With BitTorrent "Client" software, a user can

upload and download data using the BitTorrent protocol.  (Amd. Compl. at ¶¶ 25-26).

       As a demonstration of how this process works, someone (an "initial seeder") can upload a

copyrighted movie that has been broken down into a torrent to a torrent site.  (Amd. Compl. at ¶

42).  When another person (a "peer") seeks to download that movie, the BitTorrent protocol

causes the initial seeder's computer to send certain pieces of the movie to the peer's computer.

(Amd. Compl. at ¶ 38).  Once the peer receives a piece of the movie, her computer starts

transmitting that piece to others.  (Amd. Compl. at ¶¶ 39, 42).  The recipient peers then

automatically begin delivering the piece they just received to other peers in what is called a "swarm."  (Amd. Compl. at ¶¶ 40, 42).  The BitTorrent Client then reassembles the pieces on each peer's computer until the movie may be viewed in its entirety.  (Amd. Compl. at ¶ 43).

Plaintiff alleges that in this case, each Peer installed a BitTorrent Client on his or her computer and visited a torrent site to upload and download the Works.  (Amd. Compl. at ¶¶ 36, 24).  In doing so, the infringing Peers participated in the same swarm and directly interacted and communicated with each other in the same series of transactions.  (Amd. Compl. at ¶¶ 41, 47). Plaintiff supports its allegations with evidence provided by IPP, Limited, a company retained by Plaintiff to identify IP[1] addresses using the BitTorrent protocol to reproduce, distribute, display or perform Plaintiff's copyrighted works.  (Amd. Compl. at ¶ 44).  IPP's agent analyzed the BitTorrent pieces distributed by each IP address and verified that reassembly would result in a fully playable digital motion picture of the Works.  (Amd. Compl. at ¶ 49).

In light of the above, Plaintiff demands: (1) an injunction against continued infringement; (2) deletion and permanent removal of the torrent file relating to the Works from the Defendants' possession, custody or control; (3) deletion and permanent removal of the Works from the Defendants' possession, custody or control; (4) the greater of (i) statutory damages in the amount of $150,000 per Defendant, per Work infringed pursuant to 17 U.S.C. § 504-(a) and (c), or (ii) Plaintiff's actual damages and any additional profits of Defendants pursuant to 17 U.S.C. § 504-(a)-(b); and (5) costs and attorney's fees.  (Amd. Compl. at ¶¶ 59, 69).

2.  Defendant's Answer

On January 9, 2013, Defendant filed an answer, affirmative defenses, counterclaims, and a jury demand.  (Doc. No. 28).  Defendant's affirmative defenses include: (1) failure to state a

---

[1] An IP address is a number that is assigned by an ISP to devices, such as computers, that are connected to the Internet.  (Amd. Compl. at ¶ 8).

claim upon which relief can be granted; (2) the doctrine of *de minimis non curat lex* or *de minimis* use; (3) failure to mitigate damages, if any; (4) the innocence of any infringement, which would bar the claims in the Complaint either wholly or in part; (5) failure to join necessary and indispensable parties; (6) unclean hands; (7) waiver, laches and/or estoppel; (8) unconstitutionally excessive and disproportionate statutory damages; (9) failure to allege immediate or irreparable harm sufficient to justify injunctive relief, or to allege that there is no adequate remedy at law; and (10) each and every other affirmative defense that may be ascertained through future discovery or further investigation.  (Doc. No. 28).

Defendant's counterclaims include a demand for a declaratory judgment of non-infringement (Count I) and allegations of an abuse of process on the part of Plaintiff (Count II). (Doc. No. 28).  In support thereof, Defendant denies having downloaded the Works through the use of the torrent network, and further alleges that he has no knowledge of any other person or entity having used, or been authorized to use, his computer, router, or modem to do so.  (Doc. No. 28, Counterclaims, at ¶¶ 8-10).  Indeed, Defendant asserts an error rate of at least 30% for evidence gathered by forensic investigation companies like IPP, Limited, (Doc. No. 28, Counterclaims, at ¶ 12), with Plaintiff well aware that any act of infringement could have been performed without Defendant's knowledge or consent by a third party on a different device or computer in a variety of situations.  (Doc. No. 28, Counterclaims, at ¶ 13).  These situations include, *inter alia*, where a third party is (1) connected to Defendant's IP address, (2) spoofing or simulating Defendant's IP address, or (3) within Defendant's wireless network's range.  (Doc. No. 28, Counterclaims, at ¶ 13).  Nevertheless, Plaintiff relies on this purportedly questionable forensic evidence to justify expedited discovery into the identity of Doe Defendants.  (Doc. No. 28, Counterclaims, at ¶ 11).

Finally, Defendant alleges that this copyright infringement lawsuit is one of several hundred lawsuits in the United States that have been filed by Plaintiff over the past year, and one of about thirty in New Jersey.  (Doc. No. 28, Counterclaims, at ¶¶ 6, 7).  Defendant contends that Plaintiff sues defendants not for litigation purposes, but to intimidate and harass them into quick settlements for revenue alone.  (Doc. No. 28, Counterclaims, at ¶¶ 13-14, 23).

   3.  <u>Current Procedural Posture</u>

Since the filing of the Amended Complaint, default judgment has been entered against Defendant William Swartz, (*see* ECF Docket, Clerk's Entry, February 22, 2013), and Plaintiff has voluntarily dismissed all other parties except Defendant, (Doc. Nos. 25, 29, 30, 41).  Plaintiff has now moved under Rule 12(f) and Rule 56 to strike or summarily dismiss eight of Defendant's affirmative defenses, and to dismiss both of Defendant's counterclaims.  (Doc. Nos. 31, 32).  Defendant opposes.  (Doc. Nos. 35, 38).

                              DISCUSSION

The Court will first address Plaintiff's motion with respect to Defendant's counterclaims, before engaging in the validity of Defendant's affirmative defenses.

   A.  <u>Motion to Dismiss Defendant's Counterclaims</u>

   1.  *Legal Standard: Rule 12(b)(6)*

A motion to dismiss a counterclaim is properly evaluated under the familiar 12(b)(6) standard.  *RBC Bank (USA) v. Petrozzini*, 2012 WL 1965370, at *2 (D.N.J. May 31, 2012); *PPG Indus., Inc. v. Generon IGS, Inc.,* 760 F. Supp. 2d 520, 524 (W.D. Pa. 2011).  In interpreting Rule 12(b)(6), the Court must undergo a three-step evaluation.  First, the Court must "take note of the elements a plaintiff must plead to state a claim."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (quotations omitted).  Second, the Court must accept as true all of a plaintiff's well-pleaded factual allegations and

construe the complaint in the light most favorable to the plaintiff, disregarding any conclusory

allegations. *Fowler*, 578 F.3d at 210-11.

Finally, once the well-pleaded facts have been identified and the conclusory allegations

ignored, the Court must determine whether the "facts alleged in the complaint are sufficient to

show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at

679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has

to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded

reasonably allow a court to infer that the defendant is liable for the misconduct alleged. *Id.* at

210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail

to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

*2. Analysis*

i. <u>Declaratory Judgment of Non-Infringement of the Work</u>

Under the Declaratory Judgment Act, "any court of the United States [in a case of actual

controversy within its jurisdiction and] upon the filing of an appropriate pleading, may declare

the rights and other legal relations of any interested party seeking such declaration, whether or

not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "contemplates that

district courts will exercise discretion in determining whether to entertain such actions." *State*

*Auto Ins. Companies v. Summy*, 234 F.3d 131, 133 (2000). In this Circuit, "a court may dismiss

a defendant's counterclaim for declaratory relief where there is a 'complete identity of factual

and legal issues' between the parties' respective requests for relief," and that identity is clear.

*Teamsters Pension Trust Fund of Philadelphia & Vicinity v. TransWorld Port & Distrib. Servs.,*

*Inc.*, CIV. 09-3479, 2010 WL 4269380, at * 3 (D.N.J. Oct. 25, 2010) (quoting *Aldens, Inc. v.*

*Packel,* 524 F.2d 38, 51-52 (3d Cir. 1975)) (internal quotations omitted). "[T]he court should

'only dismiss such a counterclaim . . . when there is no doubt that it will be rendered moot by adjudication of the main action.'" *Id.* (quoting *Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust,* No. 09-0063, 2010 WL 1993675, at *2 (D. Del. May 18, 2010)).

Here, the controversy involves an allegation of copyright infringement. "To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (citing *Whelan Assoc. v. Jaslow Dental Lab.*, 797 F.2d 1222, 1231 (3d Cir. 1986); *Gates Rubber Co. v. Bando Chem. Indus.,* 9 F.3d 823, 831 (10th Cir. 1993)). Plaintiff argues that the Court should dismiss Defendant's counterclaim requesting a declaratory judgment of non-infringement on the grounds that it is the mirror image of the claims in the Amended Complaint, redundant of affirmative defenses, and fails to allege or even address the elements of copyright infringement.

Defendant combats these assertions by emphasizing (1) that a declaratory judgment of non-infringement, far from being redundant, is necessary to guard against future litigation by Plaintiff should Plaintiff dismiss the Complaint without prejudice, and (2) that it is difficult for a court to determine early on whether counterclaims will be rendered moot by an adjudication of the main action. Defendant further argues that his denial of committing the infringement, combined with the unreliability of IP addresses, raises the reasonable expectation that discovery will reveal a failure on the part of Plaintiff to show that Defendant himself made unauthorized copies of original elements of the Works. *See, e.g.*, *AF Holdings LLC v. Chris Rogers*, Civ. A. 12-1519 BTM(BLM), 2013 WL 358292 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."); *Plaintiff, LLC, v. John*

*Does 1-11*, Civ. A. 12-7726-KM, D.E. 6, Order (D.N.J. Jan. 22, 2013) ("By permitting discovery, the Court is not finding that Plaintiff may rely solely on the fact that the person identified as the subscriber is associated with the Internet protocol address to prove that such a person engaged in the conduct alleged in Plaintiff's complaint.").

In light of the above, the Court declines to dismiss Defendant's counterclaim for a declaratory judgment. While the Court acknowledges that the declaratory judgment sought closely tracks Plaintiff's Amended Complaint, the Court cannot, at this early stage of the litigation, guarantee relief will be identical. Moreover, the Court believes Defendant has raised the reasonable expectation that discovery will undermine Plaintiff's claims. Thus, the Court will deny Plaintiff's motion to dismiss Defendant's first counterclaim without prejudice.

### ii. Abuse of Process

Generally, a party wishing to argue an abuse of process must demonstrate "(1) an improper, illegal, and perverted use of the legal procedure, (2) an ulterior motive in initiating the legal process, and (3) some further act after the issuance of process representing the perversion of the legitimate use of the process." *Al-Ayoubi v. City of Hackensack*, Civ. A. 10-02592 SDW, 2011 WL 6825944, at *11 (D.N.J. Dec. 28, 2011) (quoting *Tucker v. New York Police Dept.,* No. 08–2156, 2008 WL 4935883 *14 (D.N.J. 2008) (internal quotations omitted)). In other words, "an abuse of process occurs when a prosecution is initiated legitimately [but] thereafter is used for a purpose other than that intended by the law." *Mitchell v. Guzick*, 138 Fed. App'x 496, 502 (3d Cir. 2005) (citation omitted). "There is no valid claim for abuse of process where a party carries out process to its authorized conclusion, despite also having bad intentions." *Avaya Inc. v. Cisco Systems, Inc.*, Civ. A. 10-5881, 2012 WL 2065536, at *4 (D.N.J. June 7, 2012).

Significantly, the term "process" as used here refers only to "certain products of litigation

that a court issues, such as a summons, mandate, or writ used by a court to compel the appearance of the defendant in a legal action or compliance with its orders." *Avaya*, 2012 WL 2065536, at *3 (quoting *Jewett v. IDT Corp.*, No. 04-1454, 2007 WL 2688932 (D.N.J. Sept. 11, 2007)) (internal quotations omitted).

    Plaintiff attacks Defendant's abuse of process claim on various fronts.  To start, Plaintiff argues that all of its actions have been confined to their regular and legitimate functions in relation to the cause of action stated in the Amended Complaint.  Plaintiff's motion for leave to subpoena Defendant's ISP in order to obtain Defendant's identity was granted on a finding of good cause, and Plaintiff properly served Defendant with the Complaint.  Plaintiff's joinder of other parties was, according to Plaintiff, proper where the parties had "allegedly participated in the same transaction or occurrence, or series of transactions or occurrences, which gave rise to the [alleged] infringement."  *Malibu Media, LLC v. John Does No. 1-30*, CIV. A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) (finding further that defendants would not be prejudiced by joinder, but would likely benefit in terms of both discovery and in defensive litigation strategy); *see also, Boretsky v. Corzine*, CIV. A. 08-2265 (GEB), 2008 WL 2521916 (D.N.J. June 23, 2008), *aff'd sub nom.*, *Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2010) (finding that "joinder of claims, parties and remedies is strongly encouraged").

    Plaintiff's subsequent settlement offer was, according to Plaintiff, *not* "process" within the meaning of the tort and was proper and encouraged.  With regards to this latter point, Plaintiff specifically cites to an out of district case in which the court found that the decision of a plaintiff who had set forth cognizable claims of copyright infringement "to pursue settlement or to drop its claims altogether [was] of no consequence to the Court."  *AF Holdings*, 286 F.R.D. at 55-56.

The Court agrees with Plaintiff that Defendant has not sufficiently alleged an abuse of process.  Aside from the difficulty in showing that either the discovery request or joinder was improper in this instance, the Court cannot find a "further act" demonstrating the perversion of the legitimate use of the process.  Defendant has not convincingly pled that Plaintiff's settlement offer was outside the bounds of acceptable activity, and, absent some further support that such settlement offers outweigh the congressional intent behind permitting such suits for the enforcement of copyrights, the Court will dismiss Defendant's counterclaim for abuse of process without prejudice.

B.  Motion to Strike or Dismiss Defendant's Affirmative Defenses

1.  Legal Standard: Rule 12(f)

Under Rule 12(f), a party may make a motion to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  In reviewing such motion, the Court may exercise "considerable discretion." *Tonka Corp. v. Rose Art Indus., Inc.,* 836 F. Supp. 200, 217 (D.N.J. 1993).  Significantly, while motions to strike may save parties the time and expense of litigating claims that could not affect the outcome of the case, *United States v. Kramer,* 757 F. Supp. 397, 410 (D.N.J. 1991), they "are disfavored and usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'"  *Jones v. United States*, 10-CV-3502 RBK, 2012 WL 2340096, at *2 (D.N.J. June 18, 2012) (quoting *River Road Dev. Corp. v. Carlson Corp. N.E..,* No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)).

Indeed, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will

prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.,* 609 F. Supp. 2d 353, 359 (D. Del. 2009) (quotations omitted). This is because a motion to strike "is often sought by the movant simply as a dilatory tactic." *F.T.C. v. Hope Now Modifications, LLC*, CIV. 09-1204 JBS/JS, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (quoting *Waste Mgmt. Holdings v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001)).

Thus, while "[a]n affirmative defense is insufficient if it is not recognized as a defense to the cause of action," *Tonka*, 836 F. Supp. at 217 (internal quotations and citations omitted), it can "be stricken only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts," *id.* at 218 (quoting *Linker v. CustomBilt Mach., Inc.,* 594 F. Supp. 894, 898 (E.D. Pa. 1984)). Moreover, the Court is reluctant to strike affirmative defenses prior to any real opportunity for discovery. *See, e.g.*, *In re Merck & Co., Inc. Vytorin ERISA Litig.*, Civ. A. 08-1974 (DMC), 2010 WL 2557564, at *3 (D.N.J. June 23, 2010) ("[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.") (quoting *Board of Trustees of Trucking Employees of N. Jersey Welfare Fund v. Gotham Fuel Corp.*, 860 F. Supp. 1044, 1054 (D.N.J. 1993)); *TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, No. CV-09-01531-PHX-JAT, 2010 WL 3034880 at *4 (D. Ariz. Aug. 3, 2010).

2.  Legal Standard: Summary Judgment

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court considers the facts drawn from "the pleadings, the discovery and disclosure

materials, and any affidavits," and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).

The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). Summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. In other words, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

3. <u>Analysis</u>

As an initial matter, the Court will decline to entertain dismissal of Defendant's affirmative defenses under a summary judgment standard as proposed secondarily by Plaintiff. Although some courts have applied a summary judgment standard to affirmative defenses, such use is by no means controlling. *See, e.g.*, *Prof'l Buyer's Guild, LLC v. Ace Fire Underwriter Ins. Co.*, CIV. 06-2127 (GEB), 2007 WL 3227183 (D.N.J. Oct. 30, 2007) ("Courts differ as to whether a motion for summary judgment is the appropriate procedure by which to challenge an affirmative defense."); *compare U.S. v. Manzo*, 182 F. Supp. 2d 385, 395 (D.N.J. 2000) (analyzing sufficiency of defense under partial summary judgment framework) *with Krauss v. Keibler-Thompson Corp.*, 72 F.R.D. 615, 616 (D. Del. 1976) ("The weight of the authority and a close textual examination of the Rules convinces this Court that a motion to strike an affirmative defense can be considered only as a Rule 12(f) motion and is not a proper motion under Rule 56(d)."). Indeed, some courts in this district have found that affirmative defenses need not even

satisfy the heightened pleadings standard of *Twombly* and *Iqbal*. *See Hope Now,* 2011 WL 883202, at *3 ("by stating an affirmative defense under Rule 8(c), a defendant is not making a 'claim for relief' to which Rule 8(a) would apply."). Even if the Court did decide it appropriate to consider the defenses under a summary judgment standard, the relatively unadvanced state of discovery in this litigation would still stay the Court's review. Thus, the Court will review Plaintiff's motion to strike Defendant's first, second, third, fifth, sixth, seventh, eighth, and ninth affirmative defenses under Rule 12(f).

    i.    <u>Failure to State a Claim for which Relief May Be Granted</u>

Upon review of the arguments, the Court is not at this time inclined to dismiss Defendant's first affirmative defense asserting failure to state a claim for which relief may be granted. Although Plaintiff contends that it has properly pled the elements of copyright infringement, the Court finds that Defendant has raised just enough doubt as to whether an IP address alone may be used to establish a *prima facie* case of copyright infringement so as to delay decision of this issue until further briefing. As Plaintiff has demonstrated no convincing prejudice or confusion resulting therefrom, the Court will deny Plaintiff's motion to strike Defendant's first affirmative defense.

    ii.    <u>The doctrine of *de minimis non curat lex* or *de minimis* use</u>

Plaintiff argues that Defendant's second affirmative defense should be struck as contrary to applicable law and fact. Specifically, Plaintiff argues that whether or not the alleged copyright infringement by Defendant was *de minimis* is relevant only to the question of damages. Defendant, on the other hand, contends that further discovery may reveal that, if any piece of the Works was downloaded, this piece may have been indecipherable as such, and thus, any harm would be *de minimis*. As the Court believes that this question can be resolved within the normal

course of discovery and that Plaintiff has had fair notice of Defendant's claim, the Court will permit this affirmative defense to stand.

iii.   <u>Failure to Mitigate Damages</u>

The Court also declines to strike Defendant's third affirmative defense asserting a failure to mitigate damages.  Plaintiff argues that this defense is inappropriate in a copyright case where a plaintiff seeks only statutory damages, but then admits that Plaintiff itself has not yet elected whether to seek only statutory damages.  Instead, Plaintiff requests that the third affirmative defense be stricken if and when Plaintiff elects statutory damages as its remedy.  As here Plaintiff's motion to strike is undoubtedly premature, the Court will permit this defense to stand.

iv.   <u>Failure to Join Necessary and Indispensable Parties</u>

Plaintiff argues that Defendant's fifth defense should be stricken because Plaintiff has not failed to join an indispensable party.  However, given the contributory infringement that has been alleged, and the failure on the part of Plaintiff to show prejudice should this affirmative defense stand, the Court will also decline to strike this fifth defense from Defendant's answer.

v.   <u>Unclean Hands</u>

"To prevail on an unclean hands defense, the defendant must show fraud, unconscionability, or bad faith on the part of the plaintiff." *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 542-43 (D.N.J. 1999) (quoting *S&R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 377 n. 7 (3d Cir. 1992)) (internal quotations omitted).  Such action must be "directly related to the matter in issue", must "injure[] the other party", and must "affect[] the balance of equities between the litigants." *Castle v. Cohen*, 676 F. Supp. 620, 627 (E.D. Pa. 1987).  In considering the permissibility of an unclean hands defense, this Court is not "bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." *In re Gabapentin*

*Patent Litig.*, 648 F. Supp. 2d 641 (D.N.J. 2009) (quoting *Keystone Driller Co. v. Gen. Excavator Co.,* 290 U.S. 240, 245-46 (1933)) (internal quotations omitted).  "However, in exercising such discretion, 'the primary principle guiding application of the unclean hands doctrine is that the alleged inequitable conduct must be connected, *i.e.,* have a relationship, to the matters before the court for resolution.'"  *Id.* (quoting *In re New Valley Corp.,* 181 F.3d 517, 525 (3d Cir. 1999)).

Plaintiff contends that Defendant's unclean hands defense is conclusory and vague, and emphasizes that an unclean hands defense in a copyright infringement action

> . . . is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action.  The unclean hands defense should be rejected when the "plaintiff's transgression is of an extraneous, immaterial, or inconsequential nature, or possibly when the defendant has been guilty of conduct more unconscionable and unworthy than the plaintiff's."

*FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005).

Defendant counters that his unclean hands defense is supported by the evidence that Plaintiff has filed several hundred copyright infringement lawsuits to allegedly generate revenue via settlement negotiations, and has further failed to reasonably investigate the identity of any actual infringer.  Defendant also makes vague allegations concerning a discrepancy between Plaintiff's ability to secure Internet Provider records in this case versus in other litigation.

Upon review of the arguments, the Court agrees that Defendant has insufficiently pled a defense of unclean hands.  Such defense is meant to relate directly to the offense in issue – in this case, the actual copyright infringement alleged.  As the facts cited by Defendant do not appear to relate to the actual act of infringement, and because this defense may be raised again later in the litigation, the Court will strike Defendant's sixth affirmative defense without prejudice.

vi.    Waiver, Laches and/or Estoppel

Plaintiff argues that Defendant's seventh affirmative defense of waiver, laches, and/or estoppel should be struck as vague and ambiguous.  Defendant has not, contends Plaintiff, pled any of the different elements that comprise the three defenses.  Such conclusory allegations, according to Plaintiff, inhibit Plaintiff from providing an adequate response and fail to provide Plaintiff with fair notice of the nature of the defense.  In the alternative, Plaintiff moves for an order under Federal Rule of Civil Procedure 12(e) for a more definite statement.

Defendant stresses that the defense of laches "should generally not be disposed of in pretrial motions." *Tonka*, 836 F. Supp. at 219.  "[T]he correct disposition of the equitable defense of laches can only be made 'by a close scrutiny of the particular facts and balancing of the respective interests and equities of the parties as well as the general public.'" *Id.* (quoting *County Floors v. P'ship of Gepner and Ford*, 930 F.2d 1056, 1066 (3d Cir. 1991)).

Upon review of the arguments, the Court is unconvinced that the defenses of waiver, laches and/or estoppel will either prejudice Plaintiff or "unreasonably complicate or frustrate the progress of the litigation of this matter." *Hope Now*, 2011 WL 883202 at *5 (permitting the stated defense of laches, estoppel, unclean hands, waiver and good faith to remain in play absent a finding of prejudice or undue complication or frustration of the litigation); *Louisiana Sulphur Carriers, Inc. v. Gulf Res. & Chem. Corp.*, 53 F.R.D. 458, 460 (D. Del. 1971) (granting a motion to strike where the challenged defense would "substantially complicate the discovery proceedings and issues at trial").  Thus, the Court will permit this defense to stand.[2]

vii.    Unconstitutionally Excessive and Disproportionate Statutory Damages

Plaintiff argues that Defendant's assertion of unconstitutionally excessive and

---

[2] In lieu of granting Plaintiff's alternative request for a more definite statement at this time, the Court will permit Plaintiff to again argue the irrelevancy of this defense once the facts have been developed through discovery.

disproportionate damages is improperly pled as an affirmative defense. "An affirmative defense generally constitutes a 'defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.'" *Modern Creative Servs. Inc. v. Dell Inc.*, CIV. A. 05-3891 (JLL), 2008 WL 305747, at *2 (D.N.J. Jan. 28, 2008) (quoting *Black's Law Dictionary* 451 (8th ed. 2004)). As excessive and disproportionate statutory damages do not constitute an element of a copyright infringement claim, Plaintiff argues the defense cannot defeat the claims in the Amended Complaint.

Plaintiff further points to various cases wherein courts either declined to reach due process challenges to statutory damages under the Copyright Act, or where the Court upheld such damages as non-excessive. (*See* Doc. No. 32, Att. 1, Pl.'s Br. at 17). The statutory damages in play, argues Plaintiff, comport with Congress' intention to provide a remedy where profits or other damages may be difficult to ascertain, and to deter further infringement.

Defendant, in response, argues that the constitutionality of excessive damages provided for by the Copyright Act is not well-established, and that the defense should stand because discovery into this matter is necessary to prevent the imposition of multiple or successive damage awards for the same course of conduct.

While the inquiry into the unconstitutional excessiveness of any statutory damages ultimately awarded in this case arguably adds an additional complication to the litigation, the Court does not find it sufficiently prejudicial at this stage to require dismissal under Rule 12(f). Moreover, despite Plaintiff's contention that this is not properly pled as an affirmative defense, other courts have permitted such defenses to stand. *See, e.g.*, *UMG Recordings, Inc. v. Lindor*, 2006 WL 3335048, at * 3 (E.D.N.Y. Nov. 9, 2006) (permitting an affirmative defense of excessive statutory damages to stand where plaintiffs failed to identify any case *foreclosing* the

applicability of the due process clause to the aggregation of damages and some support for the proposition that a court could do so). Plaintiff's motion to strike Defendant's eighth affirmative defense is, therefore, denied.

    vii.    Failure to Allege Immediate or Irreparable Harm Sufficient to Justify Injunctive Relief, or to Allege That There Is No Adequate Remedy at Law

Plaintiff argues that Defendant's ninth affirmative defense is also improperly pled as an affirmative defense because a showing that Plaintiff has failed to meet the standard for a permanent injunction will not defeat Plaintiff's copyright infringement claim, even if all of the allegations are true. However, in light of the fact that the Court sees no prejudice or undue complication resulting from the preservation of this claim, and that Defendant has offered colorable arguments against a permanent injunction in this case, the Court will, in its discretion, permit Defendant's ninth affirmative defense to stand.

CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion to Dismiss Defendant's Counterclaims with respect to Plaintiff's abuse of process counterclaim, and will grant Plaintiff's Motion to Dismiss Certain of Defendant's Affirmative Defenses with respect to Plaintiff's sixth affirmative defense. Plaintiff's motions are otherwise denied without prejudice. Defendant may offer a curative amendment with respect to his counterclaims and defenses in conformity with this Opinion. An appropriate Order is issued herewith.

 

 

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated:      May 22, 2013