

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

<u>**VIA ECF**</u>

November 11, 2013

Hon. Lois H. Goodman, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Scott S. Christie
Partner
T. 973.848.5388
F. 973.297.3981
schristie@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

      RE:    *Malibu Media, LLC v. Gregory Tarris,*
              <u>Civil Action No. 3:12-cv-03900-AET-LHG</u>

Dear Judge Goodman:

      This firm represents Defendant Gregory Tarris in the above referenced action. Pursuant to the Court's Letter Order filed November 1, 2013 (D.I. 47), we write to advise that Defendant does not plan on amending his second counterclaim and sixth affirmative defense at this time. However, Defendant will reevaluate his position if he determines during the course of discovery that Plaintiff's actions further support an abuse of process claim and unclean hands defense.

      Contrary to Plaintiff Malibu Media's assertion that Judge Thompson's Opinion filed May 22, 2013 granted its motion to dismiss in its majority, Judge Thompson in fact granted Plaintiff's motion only with respect to Defendant's second counterclaim and sixth affirmative defense. (D.I. 45). Judge Thompson denied Plaintiff's motion as to Defendant's first counterclaim and Defendant's first, second, third, fifth, seventh, eighth, and ninth affirmative defenses. (D.I. 45). Furthermore, the dismissals were without prejudice. (D.I. 44 at 10, 15).

      It also has come to Defendant's attention that a motion to dismiss filed in *Malibu Media, LLC v. John Does 1-40*, Civil Action No. 3:12-cv-03899-MAS-LHG before Judge Shipp is related to this case. In the motion in the case before Judge Shipp, defendant contends that the same copyright registrations and assignments at issue in this case are defective. (D.I. 65-68). Accordingly, if Judge Shipp rules in favor of the defendant, his ruling is dispositive as to Plaintiff's claims in this case.

      Rather than burden the Court with a similar motion to dismiss in this action, Defendant respectfully requests that any further action in this case await a decision by Judge Shipp on the pending motion to dismiss. A stay would not unduly prejudice or present a clear tactical disadvantage to Plaintiff. Indeed, it would

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Hon. Lois H. Goodman, U.S.M.J.
November 11, 2013
Page 2

simplify a dispositive issue in this action, and prevent inconsistent results. Moreover, a schedule has not been set in this action and discovery has not yet begun.

On the other hand, if the Court wishes, we certainly are prepared to file a formal motion to dismiss and/or to stay the case pending the resolution of the motion before Judge Shipp.

We appreciate the Court's guidance as to this matter.

                                         Respectfully,

                                         Scott S. Christie